UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALEX BRAITBERG, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 4:13-cv-00498-HEA |
| vs. | ) ) ) |
| CHARTER COMMUNICATIONS, INC., | ) ) |
| Defendant. | ) |

## CHARTER'S MOTION TO DISMISS PLAINTIFF'S "CLASS ACTION COMPLAINT"

Defendant Charter Communications, Inc. ("Charter"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, move this Court for an order dismissing Plaintiff's Complaint with prejudice. In support, Charter states as follows:

1. Citing a federal statute that, among other things, prohibits cable television operators from indefinitely retaining the "personally identifiable information" (or "PII") of its former customers, Plaintiff Alex Braitberg ("Plaintiff") hypothesizes that Defendant Charter Communications, Inc. ("Charter") operates its business without regard to the prohibition.

2. In support, with respect to himself, Plaintiff alleges that Charter continues to retain some or all of the PII from his cable television account, even though Plaintiff only canceled the account less than three years ago. (Cmplt., ¶ 33).

3. From this and nothing more, Plaintiff contends: "At all relevant times, Charter's uniform policy and practice has been to retain customer PII *indefinitely*, long after customer's accounts have been terminated." (Cmplt., ¶¶ 2, 21, 22, 23) (emphasis added).

4. Even assuming that this allegation was true (it is not), Plaintiff lacks standing to assert it in court. Pursuant to Article III of the U.S. Constitution, unless or until Plaintiff alleges

5735728

a concrete and particularized "injury-in-fact" as to himself, the Court lacks subject matter jurisdiction over the case.  Here, Plaintiff has not alleged any such injury.  His mere allegation of a statutory violation is not enough.

5. Next, concomitant with Article III, the statute, itself, affords a private right of action only to those customers who are "aggrieved" by a statutory violation and sustain "damages."  Plaintiff's allegation about being "aggrieved" and "damaged" – *i.e.,* that he and class members have a pecuniary interest in the PII maintained by Charter – is one already rejected by courts when assessing threshold standing.

6. An additional reason why Plaintiff's claim should be dismissed is because the plain face of the Complaint shows no statutory violation.  According to paragraph 33, Plaintiff terminated his Charter service less than three years ago.  However, the statute does not create a deadline after which a cable operator cannot keep a customer's PII — without violating the statute, a cable operator may retain PII for at least six years after account termination for purposes of the federal tax limitations period.  Thus, there is no conceivable statutory violation as to Plaintiff.  In fact, he would have to wait for at least *three more years* before he could assert a claim against Charter concerning any retention of his PII.

7. Finally, Plaintiff's allegation that Charter has a PII record retention policy that violates the statute – *i.e.,* that Charter "indefinitely" retains the PII of its former customers – is too vague and unsupported to satisfy the Rule 8(a) pleading standard.  As just stated, Plaintiff's own experience with Charter does not concern a statutory violation.  He cites nothing else.  The Complaint, therefore, should be dismissed for lack of any requisite specific facts to assure the Court that some plausible basis for liability exists.

8. In further support, Charter incorporates by this reference its accompanying

memorandum of law.

WHEREFORE, Charter respectfully requests that the Court dismiss Plaintiff's "Class Action Complaint" with prejudice, pursuant to Rule 12(b)(1) (for lack of subject matter jurisdiction) and Rule 12(b)(6) (for failure to state a claim for which relief may be granted), and grant all other appropriate relief in favor of Charter.

Respectfully submitted,

By: /s/ Robert J. Wagner
    Roman P. Wuller, #36115MO
    Robert J. Wagner, #46391MO
    THOMPSON COBURN LLP
    One US Bank Plaza
    St. Louis, MO  63101
    314-552-6000
    314-552-7000 (fax)
    rwuller@thompsoncoburn.com
    rwagner@thompsoncoburn.com

Attorneys for Defendant Charter Communications, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the Court's electronic filing system on this 13th day of May, 2013, upon the following:

Ryan A. Keane
THE SIMON LAW FIRM, P.C.
800 Market Street
Suite 1700
St. Louis, Missouri  63101

*Attorneys for Plaintiff, Alex Braitberg*

/s/ Robert J. Wagner